**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 31, 2025

Mr. Raymond Tindell
1122 NE 122nd Avenue Suite B211
Portland, OR 97230

> Re:    *United States v. Arasmel Campos Gonzalez,*
> Case Number 3:24-cr-391-IM-5
> Amended Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count One of the superseding indictment alleging, conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) and 846, and admit the first forfeiture allegation.

3.    **Penalties**:  The maximum sentence is 10 years to life imprisonment, a fine of $10 million, not less than five years' supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Defendant understands that if defendant is not a United States citizen, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional

Mr. Ray Tindell                                                    December 31, 2025
Re:  Arasmel Campos Gonzalez, Plea Agreement Letter
Page 2

charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.      **Elements and Factual Basis**:   In order for defendant to be found guilty of Count One of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

First, beginning on a date unknown but not later than on or before the month of August 2024 and continuing until an unknown date but ending no earlier than November 20, 2024, in the District of Oregon and elsewhere, there was an agreement between two or more persons to possess with intent to distribute and distribute controlled substances (methamphetamine);

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

Third, the defendant conspired with others to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Defendant admits the elements of the offense alleged in Count One of the Superseding Indictment filed herein.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The government's investigation established the following facts beyond a reasonable doubt:

Beginning in August 2024, DEA task force investigators began investigating a Mexico-based drug trafficking organization (DTO) operating in the Portland Oregon area. Through physical and electronic surveillance, including wiretap intercepts of a DTO member's cellphone, investigators learned co-defendant Julian Sagrero Guantez (Sagrero) was a bulk narcotics distributor, and identified Arasmel Campos Gonzalez (Campos) as one of Sagrero's sources of supply.

In November 2024, Investigators lawfully monitored a series of communications that indicated Sagrero was expecting a bulk quantity of drugs to be delivered to him in Portland Oregon. Investigators secured search warrants for locations and vehicles associated to Sagrero's drug distribution operation and established physical surveillance of those locations.

On November 6, 2024, DEA task force investigators watched as Sagrero and Campos arrived at one of the locations identified in the search warrants. Investigators watched Campos deliver a weighted duffel bag to a covered area that contained a grey plastic tote containing

Mr. Ray Tindell                                                        December 31, 2025
Re: Arasmel Campos Gonzalez, Plea Agreement Letter
Page 3

several clear plastic bags containing methamphetamine. Investigators signaled their presence by activating the emergency lights on their unmarked police vehicles and blocked the exit from the location where Campos and Sagrero had parked their cars. Both men were detained without incident.

Investigators lawfully searched the premises and vehicles pursuant to the warrants. In total, investigators seized 11,179.4 gross grams of methamphetamine from the tote, 509.4 gross grams of methamphetamine from another location and one of the cars, as well as 928 gross grams of cocaine, 786.3 gross grams of heroin, and 165.5 gross grams of fentanyl. The combined converted weight of the drugs seized was 24,763.25 kilograms of converted drug weight.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(2) is a Base Offense Level of 34 based upon a total of 10,000-30,000 kilograms of converted drug weight. prior to any adjustments or other reductions. The parties estimate defendant's adjusted offense level (prior to acceptance of responsibility and other reductions) to be a level 34.

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.    **Joint Sentencing Recommendation**: The parties agree to jointly recommend a sentence of 48 months' imprisonment to be followed by 5 years' supervised release so long as defendant demonstrates an acceptance of responsibility as explained above.

10.    **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11.    **"Safety Valve" Adjustment**: The parties agree that the defendant qualifies for the two-level "safety valve" reduction pursuant to 18 U.S.C. § 3553(f), and USSG § 2D1.1(b)(18).

Mr. Ray Tindell                                                    December 31, 2025
Re: Arasmel Campos Gonzalez, Plea Agreement Letter
Page 4

12.    **Adjustment for Certain "Zero-Point" Offenders**: If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

13.    **No Role Adjustment**: The parties agree that defendant does not qualify for a role adjustment under USSG § 3B1.1 or USSG § 3B1.2.

14.    **Additional Departures, Adjustments, or Variances**: The parties agree to recommend a variance only to the extent one may be necessary to achieve the agreed upon joint sentencing recommendation.

15.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction(s) under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Mr. Ray Tindell                                                    December 31, 2025
Re:  Arasmel Campos Gonzalez, Plea Agreement Letter
Page 5

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.    **Forfeiture Terms**:

    A.    **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $5,600.00 U.S. Currency; one Sig Sauer P365 9mm Caliber Pistol; one Smith & Wesson M&P 40 Shield 40mm Caliber Pistol; and all associated ammunition and accessories, which constitute proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of Title 21 United States Code Sections 841(a)(1), (b)(1)(A)(viii) and 846, as set forth in Count 1 of the superseding indictment.

    B.    **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

    C.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

    D.    **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

    E.    **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being

Mr. Ray Tindell                                                              December 31, 2025
Re: Arasmel Campos Gonzalez, Plea Agreement Letter
Page 6

resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

     F.     **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

20.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

21.     **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter.

               Sincerely,

               SCOTT E. BRADFORD
               United States Attorney

               PAUL T. MALONEY
               Assistant United States Attorney

Mr. Ray Tindell                                                       December 31, 2025
Re:  Arasmel Campos Gonzalez, Plea Agreement Letter
Page 7

*United States of America v. Arasmel Campos Gonzalez*
**3:24-cr-391-IM-5**
**Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

1-13-2026
_____
Date

_____
ARASMEL CAMPOS GONZALEZ
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1-13-2026
_____
Date

_____
RAYMOND TINDELL
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

1-13-2026
_____
Date

_____
Interpreter (if necessary)